A89A0289. SETHI v. KLM ROYAL DUTCH AIRLINES et al.

(381 SE2d 403)

DEEN, Presiding Judge.

Appellant Sethi, a gentleman of Indian extraction, received word of the accidental death of his son-in-law in India; the funeral was to take place some two weeks thence. Sethi thereupon made reservations on KLM Royal Dutch Airlines (KLM) for passage from Atlanta to New Delhi via Amsterdam ten days thence. On the day of the flight he checked his baggage to New Delhi and flew to Amsterdam. There it was discovered by KLM personnel that his visa for India had expired, and he was refused permission to board the flight to New Delhi. After several days he returned to Atlanta and subsequently filed an action against KLM and its Atlanta manager, seeking reimbursement of expenses incurred as a result of the necessity of changing his plans in Amsterdam. He alleged that Atlanta KLM personnel were at fault for not ascertaining the status of his documents before allowing him to leave Atlanta.

KLM moved for summary judgment, citing the Federal tariffs which govern contracts of carriage and which expressly place on the passenger the duty of ascertaining and complying with all requirements of individual destination countries regarding travel documents. The trial court granted the motion, and Sethi appeals *pro se*, filing no formal enumeration of errors but alleging that genuine issues of material fact regarding negligence and breach of contract remain in the case, and that summary judgment was therefore improperly granted. *Held*:

Our review of the record reveals no error in the proceedings be-

low. The cited tariffs clearly control the disposition of the case *sub judice*. See Section 403 (a) of the Federal Aviation Act, 49 USC § 1373 (a). See also KLM's Rules Tariff No. PR-3, CAB No. 55, Rule 22, which states as follows: "The passenger shall comply with all laws, regulations, orders, demands or travel requirements of countries to be flown from, into or over, and with all rules, regulations and instructions of Carrier. Carrier shall not be liable for any aid or information given by any agent or employee of Carrier to any passenger in connection with obtaining necessary documents or complying with such laws, regulations, orders, demands, requirements or instructions, whether given orally or in writing; or for the consequences to any passenger resulting from his failure to obtain such documents or to comply with such laws, regulations, orders, requirements, or instructions. The passenger must present all exit, entry and other documents required by laws, regulations, orders, demands or requirements or whose documents are not complete. Carrier is not liable to the passenger for loss or expense due to the passenger's failure to comply with this provision." See *Khalessizadeh v. Scandinavian Airline System*, 19 Avi. Cas. 18, 413 (C.D. Cal. 1986); see also e. g., *Cammack v. Trans World Airlines*, 482 FSupp. 914 (W.D. Mo. 1979), aff'd 632 F2d 1353 (8th Cir. 1980); *North American Philips v. Emery Air Freight*, 579 F2d 229 (2d Cir. 1978); *Mao v. Eastern Air Lines*, 310 FSupp. 844 (S.D. NY 1970).

The uncontroverted facts of record show that Sethi had a period of approximately ten days between booking his airline reservation and embarking on his flight — a period in which he could and should at least have checked on the status of his visa and initiated an effort to obtain a new one, if needed — and that he made no such inquiries or efforts. The judgment below must be affirmed.

*Judgment affirmed. Birdsong and Benham, JJ., concur.*

DECIDED APRIL 3, 1989.

K. S. Sethi, *pro se*.

*Love & Willingham, Robert P. Monyak, Daryll, Love*, for appellees.